# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILAL KONTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-19-942-F |
| | ) |
| OKLAHOMA COUNTY, | ) |
| OKLAHOMA, and DAVID PRATER, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

On October 11, 2019, plaintiff, Bilal Konte, filed an original complaint against defendants, Oklahoma County, Oklahoma, and David Prater, in his official capacity as District Attorney of Oklahoma County, Oklahoma, seeking monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Specifically, plaintiff alleges that he was maliciously prosecuted in violation of his Fourth and Fourteenth Amendment rights. Plaintiff filed an amended complaint on October 15, 2019, with minor changes from the original complaint.

Contemporaneous with the filing of his action, plaintiff sought leave to proceed in this court without prepaying fees or costs. Under 28 U.S.C. § 1915(a), a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses, that the person is unable to pay such fees or give security therefor." Section 1915(a) applies

to all persons applying for in forma pauperis status, and not just to prisoners. *See*, Lister v. Department of Treasury, 408 F.3d 1309, 1313 (10th Cir. 2005). On October 15, 2019, United States Magistrate Judge Bernard M. Jones, upon review of plaintiff's in forma pauperis application, authorized plaintiff to proceed without prepayment of fees or giving security for such payment.

"'Notwithstanding any filing fee,' the court 'must dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue' or that 'the action is frivolous or malicious [or] fails to state a claim on which relief may be granted' or makes a claim for monetary relief from an immune party." Lister, 408 F.3d at 1312.

Upon review of the amended complaint, which supersedes the original complaint, the court concludes that plaintiffs' amended complaint and action against defendants is subject to dismissal for the following reasons.

Oklahoma County

In Oklahoma, each organized county is empowered to sue and be sued. 19 O.S. 2011 § 1. These powers are to be exercised by the county's board of county commissioners. 19 O.S. 2011 § 3. A suit brought against a county's board of county commissioners is the manner in which Oklahoma law contemplates suing the county. 19 O.S. 2011 § 4. In the context of a § 1983 action, a suit against the board of county commissioners or some county official in his official capacity is a suit against the county. Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010); Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir. 1999). Plaintiff has not named the Board of County Commissioners of Oklahoma County as a defendant in the amended complaint. Although plaintiff has named David Prater, in his official capacity as district attorney, a district attorney, under Oklahoma law, is a state

official rather than a county official. Arnold v. McClain, 926 F.2d 963, 965-966 (10th Cir. 1991).

Even if the Board of County Commissioners of Oklahoma County were named as a defendant, the court finds that the defendant would be subject to dismissal for failure of plaintiff's amended complaint to state a claim against it.[1] Plaintiff complains of the prosecution of criminal charges against him. Oklahoma County is not liable for the acts of the district attorney or the assistant district attorneys. Arnold, 926 F.2d at 965-966. Moreover, a municipality or county cannot be held liable under § 1983 solely because an employee inflicted injury upon a plaintiff. In other words, municipality or county cannot be held liable based upon a respondeat superior theory. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). Local governments are responsible under § 1983 only for "their *own* illegal acts." Connick v. Thompson, 563 U.S. 51, 60 (2011) (emphasis in original, quotation and citation omitted). To establish municipality or county liability under § 1983, a plaintiff must show (1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the injury alleged. Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006). Plaintiff has not alleged in the amended complaint any facts

---

[1] The same standard of review applies for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that the court employs for dismissal motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Thus, the court looks to "the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief," and "factual allegations in a complaint must be enough to raise a right to relief above the speculative level." Id. at 1218 (quotations and brackets omitted). In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id. at 1217 (quotation omitted). Additionally, the court must "construe a pro se [plaintiff's] complaint liberally." Id. at 1218 (quotation omitted). However, the court will not assume the role of the pro se plaintiff's advocate. United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009).

demonstrating that Oklahoma County had a policy or custom that directly caused the constitutional violations alleged by plaintiff. Thus, the court concludes that plaintiff's amended complaint and action against defendant, Oklahoma County, Oklahoma, must be dismissed without prejudice for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(ii).

David Prater

As stated, David Prater is being sued in his official capacity as District Attorney for the Oklahoma County, Oklahoma. Under Oklahoma law, a district attorney is an arm of the state. Arnold, 926 F.2d 965-966. The Eleventh Amendment to the United States Constitution bars actions in federal court against states and state officers sued in their official capacities for money damages. Edelman v. Jordan, 415 U.S. 651, 663 (1974). Section 1983 does not abrogate this immunity. Will v. Michigan Department of State Police, 491 U.S. 58, 66-67 (1989). And Oklahoma has not waived its Eleventh Amendment immunity. 51 O.S. 2011 § 152.1(B). Moreover, neither states nor state officials sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. Will, 491 U.S. at 71. Because defendant, David Prater, sued in his official capacity as District Attorney of Oklahoma County, Oklahoma, is immune from plaintiffs' § 1983 claims for monetary relief, the court finds that plaintiff's amended complaint and action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Unnamed Prosecutors

In his amended complaint, plaintiff complains of actions of "prosecutors within the Oklahoma County District Attorney's Office" who "were given the responsibility to oversee Plaintiff's criminal charges and prosecution." Doc. no. 4, ¶ 4. None of these prosecutors are individually named in the caption of the

amended complaint or in the body of the pleading. Rule 10(a) of the Federal Rules of Civil Procedure requires the title of the complaint to name all parties. The court therefore does not consider the unnamed prosecutors as defendants which respect to plaintiff's amended complaint and action.

Even if the prosecutors were named and were sued in their individual capacities, the court notes that plaintiff's amended complaint and action would be subject to dismissal against the prosecutors because they are immune from suit under the doctrine of absolute prosecutorial immunity. In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court determined that prosecutors are absolutely immune from liability in § 1983 suits brought against acts that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430. Consequently, "[a]cts under taken by a prosecutor in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994) (quoting Buckley v. Fitzsimmons, 509 U.S 259, 273 (1993)). Plaintiff complains of the prosecutors instituting and continuing prosecution of criminal proceedings for sexual assault and abuse charges without probable cause. He also complains of the prosecutors' actions in dismissing and refiling the criminal charges. These acts are protected by the doctrine of absolute prosecutorial immunity. Nielander v. Board of County Commissioners of County of Republic, Kan., 582 F.3d 1155, 1164 (10th Cir. 2009) ("Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court.").

Ruling

Based upon the foregoing, plaintiffs' amended complaint and action against defendant, Oklahoma County, Oklahoma, is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and plaintiff's amended complaint and action against David Prater, in his official capacity as District Attorney for Oklahoma County, Oklahoma, is **DISMISSED WITHOUT PREJUDICE** for seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Judgment shall issue forthwith.

IT IS SO ORDERED this 25th day of October, 2019.

*[Signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0942p001.docx